NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 29 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SEYDI IVETH LOPEZ CARDONA; M. E. X. L. L.; M. A. L. L., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 21-70010 <br><br> Agency Nos. A209-761-379 <br> A209-761-380 <br> A209-761-381 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2026**
Pasadena, California

Before: WARDLAW, OWENS, and DE ALBA, Circuit Judges.

Seydi Iveth Lopez-Cardona ("Lopez-Cardona") and her two derivative

minor children, all natives and citizens of Guatemala, petition for review of the

Board of Immigration Appeals' ("BIA") decision upholding the immigration

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judge's ("IJ") denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.[1]

Where, as here, the BIA agrees with the IJ's reasoning and supplements that reasoning with its own analysis, we may review both decisions. *See Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We review the denial of asylum, withholding of removal, and CAT protection for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We also review adverse credibility determinations for substantial evidence. *Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021). Under this standard, we must uphold the BIA's determination unless the evidence compels a contrary conclusion. *Duran-Rodriguez*, 918 F.3d at 1028.

1.      Substantial evidence supports the IJ's adverse credibility finding. Per the REAL ID Act, IJs "must base credibility determinations on 'the totality of the circumstances, and all relevant factors.'" *Kumar*, 18 F.4th at 1151 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Here, the agency correctly found that Lopez-Cardona's inconsistencies about key incidents material to her claims rendered her

---

[1] Lopez-Cardona's challenge to the IJ's jurisdiction to conduct her removal proceedings is foreclosed by binding precedent. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188 (9th Cir. 2022) (en banc) ("[T]he failure of a[] [Notice to Appear] to include time and date information does not deprive the immigration court of subject matter jurisdiction.").

not credible. For example, with respect to the incident in which her home was set on fire, Lopez-Cardona stated in her declaration that she and her family "saw two men running away from the house" and attributed the fire to those individuals. But during testimony, she indicated that during the incident, they noticed Lopez-Cardona's alleged persecutor, Osman, was among a group of people running away. Lopez-Cardona's initial omission is material because her later testimony placed Osman at the scene of the fire, which would strengthen her claim. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) (concluding that "an adverse credibility determination may be supported by omissions that are not 'details,' but new allegations that tell a 'much different—and more compelling— story of persecution than [the] initial application'" (quoting *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011))). When confronted with her omissions, Lopez-Cardona stated that she "forget[s] stuff," and that "maybe [she] get[s] confused, or [her] fear is acting out." The agency correctly found these explanations unpersuasive. *See Barseghyan v. Garland*, 39 F.4th 1138, 1144 (9th Cir. 2022) (finding that a witness forgetting facts was "hardly an explanation for the inconsistency" in his testimony).[2]

---

[2] The agency also noted that, in her written declaration, Lopez-Cardona omitted any claims that Osman was harming her because of race. Lopez-Cardona fails to address this finding in her opening brief; thus, she waived any objection to it. *See Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020) (issues not raised in the opening brief are waived). This omission is material and goes directly to her

Lastly, in the absence of credible testimony, Lopez-Cardona failed to submit reasonably available corroborating evidence. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1007–09 (9th Cir. 2017) ("If the testimony is not sufficient by itself, then the IJ may require corroborative evidence . . . such evidence must be provided unless the application does not have the evidence and cannot reasonably obtain the evidence." (quoting 8 U.S.C. § 1158(b)(1)(B)(ii))). For example, although Lopez-Cardona asserted that Osman abused her mother (who resides in California) and her brother, she failed to present a declaration or testimony from either. *Cf. Singh v. Holder*, 638 F.3d 1264, 1270–71 (9th Cir. 2011) ("[I]f the asylum seeker whose credibility has been questioned testifies that his family was subjected to . . . atrocities in their home, and corroboration is readily available because members of the family live with him in California, it is reasonable to question his credibility if none of them testify to corroborate his account.").

2.    Substantial evidence supports the agency's denial of Lopez-Cardona's claim for CAT relief. Given that the "claims under the CAT are based on the same statements that the [agency] determined to be not credible in the asylum context," those statements also do not support Lopez-Cardona's CAT claim. *Yali Wang*, 861

---

asylum claim which supports an adverse credibility finding. *See Shrestha v. Holder*, 590 F.3d 1034, 1043 n.4 (9th Cir. 2010) (noting that "even minor inconsistencies, in proper circumstances, will support an adverse credibility determination").

F.3d at 1009 (citation modified). Nor does any other evidence in the record compel a finding of a likelihood of future torture. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (noting that generalized evidence of violence and crime in the country of removal is insufficient to establish eligibility for protection under the CAT).

**PETITION FOR REVIEW DENIED.**